IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| RONALD JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-02219-SHM-cgc |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL., | ) |
| Defendants. | ) |

**ORDER DISMISSING THE COMPLAINT WITH PREJUDICE; DENYING LEAVE TO AMEND; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; NOTIFYING JONES OF THE APPELLATE FILING FEE; AND CLOSING THE CASE**

On April 14, 2023, Plaintiff Ronald Jones[1], Federal Bureau of Prisons register number 20083-076, filed a *pro se* complaint pursuant to The Privacy Act, 5 U.S.C. §§ 552a, *et seq.* (ECF No. 2). On July 5, 2023, Jones paid the civil filing fee. (ECF No. 5.) When Jones filed the complaint, he was incarcerated at FCI Terminal Island in San Pedro, California. (ECF No. 2 at PageID 1.)

The complaint is based on claims that Jones' presentence report contains inaccurate information that Jones seeks to have Defendants correct. (*Id.* at PageID 4-6.) Jones names three Defendants: the United States Department of Justice (the "DOJ"); the United States Probation Office (the "USPO"); and the United States Federal Bureau of Prisons (the "BOP"). (*Id.* at PageID

---

[1] On July 5, 2022, Jones filed a § 2255 motion in this Court in which he asserts that he is entitled to relief because of the new fact of the dismissal of his prior California conviction in 2021. *See Jones v. USA*, 22-cv-02439-SHM-tmp, ECF No. 1. That matter is pending.

1.) Jones seeks to have Defendants amend the alleged inaccurate information in their files, and requests thirty million dollars ($30,000,000.00) in monetary damages. (*Id.* at PageID 5-6.)

The complaint (ECF No. 2) is before the Court. For the reasons explained below, the Court: (1) **DISMISSES** Jones' complaint **WITH PREJUDICE** for failure to state a claim to relief against Defendants; and (2) **DENIES** leave to amend.

## I.   BACKGROUND

The Court assumes Jones' allegations are true for the purpose of screening the complaint. Jones alleges that the USPO "has given [Jones] a leadership role. . . in the Presentence Investigation Report. . ." and that information is inaccurate. (ECF No 2 at PageID 4.) Jones alleges that the "probation officer inaccurately stated in the Presentence Investigation Report. . . the incorrect amount of drugs." (*Id.* at PageID 5.) Jones alleges that the inaccurate information caused the USPO to "deny [Jones] any benefit of new laws (FSA and the 2014 Drug-Minus-2 Amendment), and violating [Jones'] rights under the 5th, 6th, 14th, and 15th Amendments." (*Id.*) Jones alleges Defendants' failure to maintain accurate records in Jones' files and the failure to amend those records violates 5 U.S.C. § 552a(e)(5) and a(g)(1)(A). (*Id.*) Jones alleges he has "exercised his due process rights (appeal) in accord with U.S. Federal Bureau Program Statement 5800.17c regarding this matter, but to no avail." (*Id.*) Jones alleges Defendants "refuse" to amend the inaccurate information in his "prison files and presentence report." (*Id.*)

## II.   SCREENING

### A.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b).  In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.  Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B.  REQUIREMENTS TO STATE A CLAIM UNDER § 552a

Jones sues under 5 U.S.C. § 552a(e)(5), 552a(g)(1)(A) and (C), and 552a(g)(4).  (*See* ECF No. 1 at PageID 1, 5.)  To state a claim under § 552a, a plaintiff must show that:

1. He has been aggrieved by an adverse determination;

2. The agency failed to maintain its records with the degree of accuracy necessary to assure fairness in the determination;

3. The agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and

4. The agency acted intentionally or willfully in failing to maintain accurate records. *Feldman v. C.I.A.*, 797 F. Supp. 2d 29 (D.D.C. 2011); *Ashbourne v. Hansberry*, 302 F. Supp. 3d 338 (D.D.C. 2018).  A plaintiff seeking damages must also prove that the agency acted intentionally or willfully in failing to maintain accurate records. That element requires showing that the agency's actions were not merely negligent, but were more culpable.  *Feldman*, 797 F.Supp.2d 29.

### III.  ANALYSIS

#### A.  Claims Against DOJ and BOP

Jones sues the DOJ and the BOP for their alleged failure to amend the inaccurate information in Jones' presentence report (the "PSR").  (*See* ECF No. 2 at PageID 2-6.)  Jones fails to state a claim to relief against the DOJ or the BOP.

The Privacy Act permits agencies to exempt certain of their records from many of the obligations the Act imposes. 5 U.S.C. § 552a(j); *Skinner v. U.S. Dep't of Justice & Bureau of Prisons*, 584 F.3d 1093, 1094 (D.C. Cir. 2009); *Register v. Lappin*, 2007 U.S. Dist. LEXIS 48909, at *8 (E.D. Ky. July 6, 2007).  The BOP has issued a regulation exempting its records from § 552a(e)(5) and (g).  *See* 28 C.F.R. § 16.97(j); *Skinner*, 584 F.3d at 1097.  The DOJ has exempted

4

its records from § 552a(e)(5) and (g). *See* 28 C.F.R. § 16.130(a). The Privacy Act permits a suit for damages if an agency's violation of § 552a(e)(5) results in a determination adverse to the individual. *See* 5 U.S.C. §§ 552a(g)(1)(C), (g)(4). Presentence reports and BOP inmate records systems are exempt from subsections (d), (e)(5), and (g) of the Privacy Act. *See* 28 C.F.R. §§ 16.46(i)(4), 16.51(c), 16.97(a); *Lappin*, 2007 U.S. Dist. LEXIS 48909, at *8; *see White v. U.S. Prob. Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998).

For the reasons explained above, Jones' § 552a claims against the DOJ and the BOP are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### B. Claims Against the USPO

Jones sues the USPO for its alleged failure to amend the inaccurate information in Jones' PSR. (*See* ECF No. 2 at PageID 2-6.) Jones fails to state a claim to relief against the USPO. The USPO is an administrative unit of the court. It is not subject to the Privacy Act. *Bowles v. Fed. Bureau of Prisons*, 2010 U.S. Dist. LEXIS 470, at *11 (S.D.N.Y. Jan. 4, 2010); *Boyd v. United States Prob. Dep't*, 2005 U.S. Dist. LEXIS 4244, at *1 (D.D.C. Mar. 16, 2005); *see Jamison v. Knight*, No. 1:19-CV-790, 2019 WL 5059990, at *3 (S.D. Ohio Oct. 9, 2019), report and recommendation adopted, 2020 WL 5757156 (S.D. Ohio Sept. 28, 2020).

For the reasons explained above, Jones' § 552a claims against the USPO are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to

5

amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

Jones cannot cure the deficiencies in the complaint by amendment because Defendants are exempt from his claims. The Court **DENIES** leave to amend.

V.      **APPELLATE ISSUES**

The Court also considers whether to grant leave to appeal *in forma pauperis*. To proceed on appeal *in forma pauperis*, a non-prisoner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Rule 24(a) provides that, if the district court permits a party to proceed *in forma pauperis* at the trial level, that party may also proceed on appeal *in forma pauperis* without further authorization, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the court of appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate

6

review of any issue that is not frivolous. *Id*. It would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim support the conclusion that an appeal by Jones would not be taken in good faith.

The Court **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Jones would not be taken in good faith. The Court **DENIES** leave to proceed on appeal *in forma pauperis*. If Jones appeals, he must pay the full $605 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

## VI.   CONCLUSION

For the reasons set forth above:

A.   The Court **DISMISSES WITH PREJUDICE** Jones' § 552a claims against the DOJ, the BOP, and the USPO for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915A(b)(1);

B.   Leave to amend the complaint is **DENIED**;

C.   Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is **CERTIFIED** that any appeal in this matter by Jones would not be taken in good faith. If Jones nevertheless chooses to file a notice of appeal, Jones must either pay the entire six hundred and five dollar ($605.00) appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six (6) months, in compliance with 28 U.S.C. §§ 1915(a)-(b);

D.      After judgment is entered in accordance with this Order, *see supra*, the Clerk is directed to mark this case **CLOSED**.

**IT IS SO ORDERED**, this  30th  day of June, 2025.

                                            /s/ *Samuel H. Mays, Jr.*
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE